IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

RAYMOND ARGUELLO, GREGORY CLAY,
NOVELLA CLAY, BENJAMIN MARQUEZ,
on behalf of themselves and all similarly
situated plaintiffs,

    Plaintiffs,

vs.                                                           Civ. No. 11-383 JP/KBM

CITY OF ALBUQUERQUE and
RAY SCHULTZ,

    Defendants,

BERNALILLO COUNTY, DAVID LINTHICUM,
and DUNCAN SANCHEZ,

    Third Party Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Third Party Defendant.

MEMORANDUM OPINION AND ORDER

This case was originally filed in the Second Judicial District, County of Bernalillo, State of New Mexico and presented only state law claims. While the case was pending in state court, then Defendants Bernalillo County, David Linthicum, and Duncan Sanchez (the Bernalillo County Defendants) filed THIRD PARTY PLAINTIFFS BERNALILLO COUNTY, DAVID LINTHICUM AND DUNCAN SANCHEZ'S THIRD PARTY COMPLAINT FOR CONTRIBUTION AND INDEMNITY AGAINST THIRD PARTY DEFENDANT UNITED STATES OF AMERICA (Doc. No. 1-3) (THIRD PARTY COMPLAINT) on April 1, 2011. It appears that no party, other than the Bernalillo County Defendants, has asserted a claim against

the United States.  On May 5, 2011, the United States of America (United States) removed the case to federal court on the basis of the third party complaint which the United States claimed established federal question jurisdiction.  NOTICE OF REMOVAL OF ACTION (Doc. No. 1).

On June 29, 2011, Plaintiffs filed PLAINTIFFS' MOTION TO STRIKE OR DISMISS BERNALILLO COUNTY'S THIRD PARTY COMPLAINT AND FOR REMAND (Doc. No. 10) (MOTION TO STRIKE OR DISMISS AND FOR REMAND).  Both the Bernalillo County Defendants and the United States responded to the MOTION TO STRIKE OR DISMISS AND FOR REMAND.  *See* DEFENDANTS/THIRD PARTY PLAINTIFFS BERNALILLO COUNTY, DAVID LINTHICUM, AND DUNCAN SANCHEZ'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR DISMISS BERNALILLO COUNTY'S THIRD PARTY COMPLAINT AND FOR REMAND (Doc. No. 12), filed July 27, 2011; UNITED STATES' NOTICE REGARDING PLAINTIFFS' MOTION TO STRIKE OR DISMISS THE THIRD PARTY COMPLAINT AND FOR REMAND (Doc. 10), (Doc. No. 13), filed Aug. 3, 2011.  Plaintiffs, however, did not file a reply with respect to the MOTION TO STRIKE OR DISMISS AND FOR REMAND.  Instead, Plaintiffs resolved their claims against the Bernalillo County Defendants and, on August 25, 2011, the Court entered an order dismissing the Plaintiffs' claims against the Bernalillo County Defendants with prejudice.  *See* ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO DISMISS CLAIMS AGAINST BERNALILLO COUNTY DEFENDANTS WITH PREJUDICE (Doc. No. 15).

On September 9, 2011, the Court wrote a letter to counsel in which the Court asked counsel the following question: "By reason of the settlement between the Plaintiffs and the Bernalillo County Defendants, should the United States be dismissed as a party to this action and the remainder of the case remanded to state court?"  The Court asked counsel to "confirm in

writing by September 19, 2011 whether the United States should be dismissed as a party and the remainder of the case remanded to state court." The same day the Court faxed and mailed its letter to counsel, Plaintiffs filed PLAINTIFFS' MOTION TO REMAND (Doc. No. 16) (MOTION TO REMAND). Plaintiffs note in the MOTION TO REMAND that "without claims against Bernalillo County, there can be no claim against the United States." *Id*. at 1. Consequently, the Plaintiffs conclude that the only remaining claims concern state law claims which the Court should remand to state court. The United States responded to the MOTION TO REMAND by agreeing that the case should be remanded and by contending that the United States should also be dismissed as a party. *See* UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION TO REMAND (Doc.16), (Doc. No. 17), filed Sept. 16, 2011. On September 19, 2011, Defendants City of Albuquerque and Ray Schultz (City Defendants) wrote to the Court that they likewise agree that the case should be remanded. To date, the Court has not received a letter or written confirmation, timely or otherwise, from the Bernalillo County Defendants on whether the United States should be dismissed as a party and the remainder of the case remanded to state court.

 Federal case law supports the proposition that once an underlying action is dismissed, the district court has discretion to dismiss any third party claim which derives from the dismissed underlying action. *See, e.g., American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805-06 (6th Cir. 2008) (citing *Propps v. Weihe, Black & Jeffries*, 582 F.2d 1354, 1355 (4th Cir. 1978); 6 Wright, Miller & Kane, *Fed. Practice & Procedure: Civ. 2d* §1444 at 340-44 (2d ed. 1990)). "[I]t is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim." *Id*. at 805. Considering the dismissal of the claims against the Bernalillo County Defendants and the

Bernalillo County Defendants' failure to respond to the Court's September 9, 2011 letter or to the MOTION TO REMAND, the Court concludes that the THIRD PARTY COMPLAINT against the United States should be dismissed without prejudice.  In addition, the Court should deny the MOTION TO STRIKE OR DISMISS AND FOR REMAND as now moot.

Furthermore, without a federal claim against the United States, the Court must decide if it should continue to exercise supplemental jurisdiction over the remaining state claims. According to 28 U.S.C. §1367(c)(3), a district court may decline to exercise supplemental jurisdiction once it has dismissed the claims over which it had original jurisdiction.  *See Lancaster v. Independent School Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998). The decision to continue to exercise supplemental jurisdiction is within the Court's discretion.  *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988); *Archuleta v. Lacuesta*, 131 F.3d 1359, 1368 n. 4 (10th Cir. 1997). Since there is no remaining federal claim, the Court declines to exercise supplemental jurisdiction under §1367(c)(3). The Court also believes that that the state court is in a better position to interpret and apply the appropriate state law to resolve the state law claims. The Court, therefore, will remand all of the remaining claims, all of which sound in state law, to state court. *See Carnegie-Mellon University*, 484 U.S. at 350 n.7, 357 (recognizing that, when "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent [or supplemental] jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims" and concluding that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

IT IS ORDERED that:

1. the THIRD PARTY COMPLAINT against the United States will be dismissed without prejudice;

2. PLAINTIFFS' MOTION TO STRIKE OR DISMISS BERNALILLO COUNTY'S THIRD PARTY COMPLAINT AND FOR REMAND (Doc. No. 10) is denied as moot;

3. PLAINTIFFS' MOTION TO REMAND (Doc. No. 16) is granted; and

4. the remaining state claims in this case will be remanded to the Second Judicial District, County of Bernalillo, State of New Mexico.

*James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE